IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEE PIERCE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-011 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# **REPORT AND RECOMMENDATION**

Petitioner PIERCE has filed with this Court a petition for a writ of habeas corpus challenging a March 8, 2006 prison disciplinary proceeding and the resultant loss of previously accrued good time credits.[1] The disciplinary proceeding took place at the Neal Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner was still incarcerated at the Neal Unit.

Petitioner did not submit with his petition any payment to satisfy the requisite filing fee, nor did he submit an application to proceed *in forma pauperis* with a certified *in forma pauperis* data sheet from the institution in which he is confined. On January 25, 2007, petitioner was granted permission to proceed *in forma pauperis* temporarily, pending submission of an Application to Proceed *In Forma Pauperis* and a certified *in forma pauperis* data sheet from the penal institution in which he is incarcerated, receipt of the $5.00 filing fee, or receipt of proof he

---

[1] Petitioner avers in his habeas petition that he lost previously earned good time credits but he has failed to inform the Court how many days of good time were lost.

has authorized the institution to disburse the requisite funds from his trust account by properly completing and submitting to the institution a Form I-25.  Petitioner was given twenty (20) days in which to comply with the Court's order, or until February 14, 2007.  Petitioner was admonished that the failure to comply would result in the immediate recommendation of dismissal of this case.  To date the Court has received nothing from petitioner.   Because petitioner has failed to comply with a direct order from the Court, it is the opinion of the undersigned that petitioner's case should be dismissed.

Alternatively, it is the opinion of the Court petitioner's habeas petition should be denied.  In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release <u>and</u> have received a punishment sanction which included forfeiture of previously accrued good time credits.  *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  In his habeas form petition, petitioner advises he is in respondent's custody pursuant to a 2006 conviction for the offense of unlawful possession of a firearm by a felon out of the 86th Judicial District Court, Kaufman County, Texas, for which he received a five (5) year sentence.  In his application, petitioner concedes he is not eligible for mandatory supervised release.  As petitioner is <u>not</u> eligible for mandatory supervised release, he is not entitled to any federal habeas corpus relief.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHRISTOPHER LEE PIERCE be DISMISSED or alternatively DENIED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 20th day of February 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).